UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN BARTLEY,

        Petitioner,                  Case No. 1:14-cv-117

v.                                         Honorable Robert J. Jonker

LLOYD RAPELJE,

        Respondent.
_____/

## OPINION

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner John Roy Bartley presently is incarcerated at the Bellamy Creek Correctional Facility. Following a jury trial in the Van Buren County Circuit Court, Petitioner was convicted of manslaughter, MICH. COMP. LAWS § 750.321, and failing to stop at the scene of an accident resulting in serious impairment of body function or death, MICH. COMP. LAWS § 257.617. Petitioner was convicted as a third felony offender, MICH. COMP. LAWS § 769.11, and sentenced to 14 to 30 years of imprisonment for the manslaughter conviction, and 4 years and 9 months to 10 years of imprisonment for the failure-to-stop conviction.

**Discussion**

        I.        Factual Allegations

        Petitioner appealed his conviction to the Michigan Court of Appeals. On October 9, 2012, the court of appeals issued an order affirming Petitioner's convictions, but vacating his sentence and remanding to the circuit court for resentencing. Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied on April 1, 2013.

On or about January 28, 2014, Petitioner filed the instant petition[1] raising the same (4) claims he raised on direct appeal:

> I. [PETITIONER'S] WAIVER OF COUNSEL WAS EQUIVOCAL AND INVALID; [PETITIONER] DID NOT WANT TO REPRESENT HIMSELF AND HE WAS DENIED HIS SIXTH AMENDMENT RIGHT TO COUNSEL AT ONE OF THE MOST CRITICAL STAGES OF THE TRIAL, JURY SELECTION; ALTHOUGH THIS WAS STRUCTURAL ERROR AND [PETITIONER] DOES NOT NEED TO DEMONSTRATE PREJUDICE, IT WAS READILY APPARENT FROM THE VOIR DIRE THAT [PETITIONER] WAS SEVERELY PREJUDICED BY THE ABSENCE OF COUNSEL.
>
> II. THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED [PETITIONER] HIS RIGHT TO A FAIR AND IMPARTIAL JURY BY DENYING HIS CHALLENGES FOR CAUSE; [PETITIONER] WAS DENIED A FAIR TRIAL, AND AN IMPARTIAL JURY BY THE SEATING OF SEVERAL BIASED JURORS.
>
> III. THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED [PETITIONER] A FAIR TRIAL BY DENYING [PETITIONER'S] MOTION FOR ADJOURNMENT WHERE COUNSEL HAD NEWLY BEEN RETAINED AND HAD NO TIME TO PREPARE FOR TRIAL.
>
> IV. THE TRIAL COURT ERRED IN REFUSING TO STRIKE THE CHALLENGED INACCURATE AND IRRELEVANT INFORMATION IN THE PRESENTENCE REPORT; THE CHALLENGED INFORMATION MUST BE STRICKEN.

(Pet., docket #1, Page ID##19-22.)

Because the petition appeared to be timely and exhausted, on February 21, 2014, the Court issued an order to answer (docket #4). On May 12, 2014, Petitioner filed a motion to stay and hold his petition in abeyance (docket #8) pending his filing of a motion for relief from judgment

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on January 28, 2014, and it was received by the Court on February 3, 2014. Thus, it must have been handed to prison officials for mailing at some time between January 28 and February 3. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

under MICH. CT. R. 6.500 *et seq.*  In his motion, Petitioner averred that he expected to raise and exhaust additional claims.  On July 23, 2014, Petitioner filed a supplement to his motion to stay and abey (docket #9) attaching as an exhibit the motion for relief from judgment he filed in the Van Buren County Circuit Court on July 3, 2014.  In his motion, Petitioner raises seven new claims.

On August 8, 2014, Respondent filed a motion (docket #11) for an order to hold the required responsive pleading in abeyance pending a ruling on Petitioner's motion for relief from judgment.  In his motion, Respondent notifies the Court that Petitioner has an appeal currently pending in the Michigan Court of Appeals from his resentencing in the Van Buren Circuit Court.  The pending appeal was filed on July 30, 2013.

## II.    Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.

It is clear that Petitioner has some claims that are exhausted and some that are not, thus his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Moreover, even if Petitioner does not petition for certiorari to the United States Supreme Court, the one-year limitations period does not begin to run until the ninety-day period in which Petitioner could seek review in the United States Supreme Court has expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Petitioner appealed his conviction to the Michigan Court of Appeals which remanded his case to the Van Buren Circuit Court for resentencing. Plaintiff was resentenced by the Van Buren

Circuit Court and he appealed his resentencing to the Michigan Court of Appeals on July 30, 2013. That appeal is currently pending. Accordingly, Plaintiff's judgment of conviction is not yet final. As a result, the statute of limitations set forth in §2244(d)(1)(A) has not begun to run.

In addition, a properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007) The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332. Petitioner filed his currently pending motion for relief from judgment on July 3, 2014. Thus, even when Plaintiff's judgment of conviction becomes final, if Plaintiff's application for collateral review is still pending, the statute of limitation will be tolled until conclusion of such review.

Because Petitioner's limitations period has not even begun to run there is no reason to stay these proceedings.

## Conclusion

For the foregoing reasons, the Court will revoke its order to answer (docket #4) dismiss the petition (docket #1) without prejudice for failure to exhaust available state-court remedies, deny as moot Plaintiff's motion (docket #8) to stay and abey (docket #8) and deny as moot Respondent's motion (docket #11) for an order to hold the responsive pleading in abeyance.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a

"substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate.  *Id.*  The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  Therefore, the Court denies Petitioner a certificate of appealability.

      An Order and Judgment consistent with this Opinion will be entered.


Dated:     November 17, 2014            /s/ Robert J. Jonker
                                                       ROBERT J. JONKER
                                                        UNITED STATES DISTRICT JUDGE